# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VON CALLAWAY and TERRI WITT, <br> Plaintiffs, | § § § | |
| v. | § § | Civil Action No. SA-23-CV-818-FB <br> (HJB) |
| MERIDIAN SECURITY, an Affiliate of <br> State Auto Property & Casualty Ins. Co., <br> Defendant. | § § § § | |

## DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant Meridian Security Insurance Company[1] ("Meridian" and/or "Defendant") files its First Amended Answer and Affirmative Defenses to Plaintiffs Von Callaway and Terri Witt's Original Petition ("Original Petition"), and would respectfully show as follows:

### I.   AMENDED ANSWER

1. The allegations in paragraph 1 of the Original Petition do not require a response from Meridian; Plaintiffs' discovery level averment is a nullity due to federal court jurisdiction.

2. Regarding the allegations in paragraph 2 of the Original Petition, Meridian admits that the District Court of Bexar County, Texas had jurisdiction prior to removal of this case to the Western District of Texas – San Antonio Division. Meridian admits that the events giving rise to this lawsuit occurred in Bexar County. The remaining allegations in paragraph 2 of the Original Petition do not require a response from Meridian; however, Meridian denies that Plaintiffs are entitled to the damages sought.

3. Upon information and belief, Meridian admits the allegation in paragraph 3 of the Original Petition.

---

[1] Improperly named as Meridian Security, an Affiliate of State Auto Property & Casualty Ins. Co.

4. Regarding the allegations in paragraph 4, and each sub-paragraph thereto, of the Original Petition, Meridian admits only that it is doing business in the State of Texas and that it was properly served with citation in this matter. Meridian denies the remaining allegations in this paragraph.

5. Regarding the allegations in paragraph 5 of the Original Petition, Meridian admits that Plaintiffs' property is situated, and the events giving rise to this lawsuit occurred in Bexar County but denies that venue is proper in state court. Meridian admits that venue is proper in the United States District Court, Western District of Texas – San Antonio Division.

6. Meridian denies the allegations in paragraph 6 of the Original Petition.

7. Meridian admits the allegations in paragraph 7 of the Original Petition.

8. Regarding the allegations contained in paragraph 8 of the Original Petition, Meridian admits it issued a homeowners insurance policy to Plaintiffs, under Policy No. 1001213939, for policy period July 16, 2021, to July 16, 2022 (the "Policy"). The Policy speaks for itself.

9. Upon information and belief, Meridian admits the allegations in paragraph 9 of the Original Petition.

10. Regarding the allegations in paragraph 10 of the Original Petition, Meridian admits that Plaintiffs purchased a homeowners insurance policy from Meridian, issued under Policy No. 1001213939, for policy period July 16, 2021, to July 16, 2022.

11. Regarding the allegations in paragraph 11 of the Original Petition, Meridian admits that Plaintiffs filed a claim under the Policy for damage to their property allegedly caused by a freeze occurring on or about February 1, 2022. Meridian admits that Plaintiffs' claim was assigned the identifying number PR-0000000-438860. Meridian admits that covered damages, pursuant to

the term, conditions, and exclusions of the Policy, were observed at Plaintiff's Property, for which Meridian made payment to Plaintiffs. Meridian denies the remaining allegations in this paragraph.

12.     Regarding the allegations in paragraph 12 of the Original Petition, Meridian admits that covered damages, pursuant to the terms, conditions, and exclusions of the Policy, were observed at Plaintiff's Property, for which Meridian made payment to Plaintiffs. Meridian denies the remaining allegations in this paragraph.

13.     Regarding the allegations in paragraph 13 of the Original Petition, Meridian admits it assigned adjusters to investigate, report on, and adjust Plaintiffs' alleged loss, pursuant to the terms, conditions, and exclusions of the Policy. Meridian admits that its adjusters were provided the opportunity to inspect Plaintiffs' property, and did, in fact, do so. Meridian is without sufficient information to admit or deny what Plaintiffs did following the inspection or what Plaintiffs believed about the coverage provided by the terms and conditions of Plaintiffs' Policy. Meridian denies the remaining allegations in this paragraph.

14.     Meridian denies the allegations in paragraph 14 of the Original Petition.

15.     Regarding the allegations in paragraph 15 of the Original Petition, Meridian admits that it hired an engineer with Rimkus Consulting Group, Inc. ("Rimkus") to inspect Plaintiffs' Property. Meridian admits that Rimkus engineer Erik Valle inspected Plaintiffs' Property on August 4, 2022, in relation to Plaintiffs' claims for structural damage. Meridian admits that Rimkus engineer Dennis Rasco inspected Plaintiffs' Property on September 30, 2022, in relation to Plaintiffs' claims for electrical damage. Meridian is without sufficient information to admit or deny what Plaintiffs did following the inspection or what Plaintiffs believed about the coverage provided by the terms and conditions of Plaintiffs' Policy. Meridian denies the remaining allegations in this paragraph.

16.     Meridian denies the allegations in paragraph 16 of the Original Petition.

17. Meridian denies the allegations in paragraph 17 of the Original Petition.

18. Meridian denies the allegations in paragraph 18 of the Original Petition.

19. Meridian denies the allegations in paragraph 19 of the Original Petition.

20. Meridian denies the allegations in paragraph 20 of the Original Petition.

21. Meridian denies the allegations in paragraph 21 of the Original Petition.

22. Meridian denies the allegations in paragraph 22 of the Original Petition.

23. Meridian denies the allegations in paragraph 23 of the Original Petition.

24. Meridian denies the allegations in paragraph 24 of the Original Petition.

25. Meridian denies the allegations in paragraph 25 of the Original Petition.

26. Regarding the allegations in paragraph 26 of the Original Petition, Meridian admits only that Plaintiffs are represented by counsel for the present matter. Meridian denies the remaining allegations in this paragraph.

27. The allegations contained in paragraph 27 of the Original Petition do not require a response by Meridian; however, Meridian acknowledges the statement made therein.

28. Meridian denies the allegations in paragraph 28 of the Original Petition.

29. Regarding the allegations in paragraph 29 of the Original Petition, Meridian admits that the Policy described in paragraph 8 above sets forth the duties for both Plaintiffs and Defendant. Meridian denies the remaining allegations in this paragraph.

30. Regarding the allegations in paragraph 30 of the Original Petition, Meridian admits that it inspected, or caused to be inspected, Plaintiffs' Property on July 18, 2022, August 4, 2022, and September 30, 2022. Meridian denies the remaining allegations in this paragraph.

31. Meridian denies the allegations in paragraph 31 of the Original Petition.

32. The allegations in paragraph 32 of the Original Petition do not require a response by Meridian; however, Meridian acknowledges the statement made therein.

33. Meridian denies the allegations in paragraph 33 of the Original Petition.

34. Meridian denies the allegations in paragraph 34 of the Original Petition.

35. Meridian denies the allegations in paragraph 35 of the Original Petition.

36. Meridian denies the allegations in paragraph 36 of the Original Petition.

37. Meridian denies the allegations in paragraph 37, and in each sub-paragraph thereto, of the Original Petition.

38. Meridian denies the allegations in paragraph 38 of the Original Petition.

39. Meridian denies the allegations in paragraph 39 of the Original Petition.

40. Meridian denies the allegations in paragraph 40 of the Original Petition.

41. Meridian denies the allegations in paragraph 41 of the Original Petition.

42. Meridian denies the allegations in paragraph 42 of the Original Petition.

43. Meridian denies the allegations in paragraph 43 of the Original Petition.

44. The allegations in paragraph 44 of the Original Petition do not require a response by Meridian; however, Meridian acknowledges the statement made therein.

45. Meridian denies the allegations in paragraph 45 of the Original Petition.

46. Meridian denies the allegations in paragraph 46 of the Original Petition.

47. Meridian denies the allegations in paragraph 47 of the Original Petition.

48. Meridian denies the allegations in paragraph 48 of the Original Petition.

49. Meridian denies the allegations in paragraph 49 of the Original Petition.

50. Meridian denies the allegations in paragraph 50, and each sub-paragraph thereto, of the Original Petition.

51. Meridian denies the allegations in paragraph 51, and each sub-paragraph thereto, of the Original Petition.

52. The request in paragraph 52 of the Original Petition does not require a response by Meridian; however, Meridian is unopposed to Plaintiffs amending their petition to plead in conformity with the standards required by the Federal Rules of Civil Procedure.

53. The arguments in paragraph 53 of the Original Petition do not require a response by Meridian; however, Meridian is unopposed to Plaintiffs amending their petition to plead in conformity with the standards required by the Federal Rules of Civil Procedure.

54. Meridian denies the allegations in paragraph 54 of the Original Petition.

55. Meridian denies the allegations in paragraph 55 of the Original Petition.

56. Meridian denies the allegations in paragraph 56 of the Original Petition.

57. Meridian denies the allegations in paragraph 57 of the Original Petition.

58. The allegations in paragraph 58 of the Original Petition do not require a response from Meridian; however, Meridian denies that Plaintiffs are entitled to the recovery sought.

59. The allegations in paragraph 59 of the Original Petition do not require a response from Meridian; however, Meridian denies that Plaintiffs are entitled to the recovery sought.

60. The allegations in paragraph 60 of the Original Petition do not require a response from Meridian; however, Meridian denies that Plaintiffs are entitled to the recovery sought.

61. The allegations in paragraph 61 of the Original Petition do not require a response from Meridian; however, Meridian denies that Plaintiffs are entitled to the recovery sought.

62. Regarding the allegations contained in paragraph 62 of the Original Petition, Meridian admits that Plaintiffs are represented by counsel for the present matter; however, Meridian denies that Plaintiffs are entitled to attorneys' fees. Meridian denies the remaining allegations in this paragraph and denies that Plaintiffs are entitled to the recovery sought.

63. The allegations in paragraph 63 of the Original Petition do not require a response from Meridian; however, Meridian denies that Plaintiffs are entitled to the recovery sought.

64. With regard to the allegations contained in paragraph 64 of the Original Petition, Meridian is without sufficient information to state as to why Plaintiffs retained the services of counsel but admits that Plaintiffs are represented by counsel for the present matter. Meridian denies, however, that Plaintiffs are entitled to attorneys' fees. Meridian denies the remaining allegations in this paragraph.

65. Meridian acknowledges that Plaintiffs made a jury demand and tender of a jury fee as stated in paragraph 65 of the Original Petition.

66. Regarding the allegations under the section entitled "**PRAYER**," Meridian denies Plaintiffs are entitled to recover the relief sought.

## II.     AFFIRMATIVE DEFENSES

In addition to, and without waiving any of the foregoing, Meridian asserts the following matters as affirmative defenses:

a. Meridian Security Insurance Company issued Homeowners Policy No. 1001213939 ("the Policy") to Von Callaway and Terri Witt for the property located at 3202 Navasota Circle, San Antonio, Texas 78259, for policy period July 16, 2021, to July 16, 2022. Plaintiffs' recovery under the Policy is subject to a $616,700 limit of liability for the dwelling, $61,670 limit of liability for other structures, $431,690 limit of liability for personal property, $185,010 for loss of use, and a 1% deductible of $6,167.

b. Meridian asserts all terms, conditions, limitations on coverage, and exclusions set forth in the policy.

c. Pursuant to the following provision of the Policy, coverage is limited to loss which occurs within the time period during which the Policy was in effect.

      **HOMEOWNERS 3 – SPECIAL FORM**
      **AGREEMENT**

> We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.
>
> **SECTION I - CONDITIONS**
>
> **Q.** **Policy Period**
> This policy applies only to loss which occurs during the policy period.

d.      **Policy Coverage Provisions.**  Under the insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property arising from the reported loss.  Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss arising from the reported loss.  The Policy provides:

> **SECTION I – PROPERTY COVERAGES**
>
> **A. Coverage A - Dwelling**
> 1. We cover:
>    a. The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling, and
>    b. Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence premises".
> 2. We do not cover land, including land on which the dwelling is located.
>    [. . .]
>
> **SECTION I – PERILS INSURED AGAINST**
>
> **A. Coverage A – Dwelling And Coverage B – Other Structures**
> 1. We insure against direct physical loss to property described in Coverages **A** and **B**.
> 2. We do not insure, however, for loss:
>    a. Excluded under Section I – Exclusions;
>
>       [. . .]
>
>    c. Caused by:
>
>       [. . .]
>
>       (2) Freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a:
>
>           (a) Fence, pavement, patio or swimming pool;

8

    (b) Footing, foundation, bulkhead, wall, or any other structure or device that supports all or part of a building, or other structure;
    (c) Retaining wall or bulkhead that does not support all or part of a building or other structure; or
    (d) Pier, wharf or dock;

  e. **Payment.** Meridian is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments Meridian has made to or on behalf of Plaintiffs under the Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit. Meridian will assert its right to offset and credit for indemnity amounts already paid to Plaintiffs by either Meridian or other third parties.

  f. **Deductible/Offset.** Meridian is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible. Plaintiffs' recovery under the Dwelling coverage of the Policy is subject to the following terms, conditions and limitations:

    **SECTION I – CONDITIONS**
    **B. Deductible**
    Unless otherwise noted in this policy, the following deductible provision applies:
    With respect to any one loss:
    1. Subject to the applicable limit of liability, we will pay only that part of the total of all loss payable that exceeds the deductible amount shown in the Declarations.

  g. **Limit of Liability.** Meridian's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" shown on the Policy declarations and in other clauses contained in the Policy sued upon.

  h. Pursuant to the following exclusionary provisions of the Policy, the following losses do not come within coverage:

    **SECTION I – EXCLUSIONS**
    A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These

9

exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

[. . .]

2. **Earth Movement**
   Earth Movement means:
   a. Earthquake, including land shock waves or tremors before, during or after a volcanic eruption;
   b. Landslide, mudslide or mudflow;
   c. Subsidence or sinkhole; or
   d. Any other earth movement including earth sinking, rising or shifting.

   This Exclusion **A.2.** applies regardless of whether any of the above, in **A.2.a.** through **A.2.d.**, is caused by an act of nature or is otherwise caused.

   However, direct loss by fire, explosion or theft resulting from any of the above, in **A.2.a.** through **A.2.d**., is covered.

   [. . .]

4. **Power Failure**
   Power Failure means the failure of power or other utility service if the failure takes place off the "residence premises". But if the failure results in a loss, from a Peril Insured Against on the "residence premises", we will pay for the loss caused by that peril.

   [. . .]

B. We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered.

   1. Weather conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in A. above to produce the loss.

      [. . .]

   3. Faulty, inadequate or defective:
      a. Planning, zoning, development, surveying, siting;
      b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
      c. Materials used in repair, construction, renovation or remodeling; or
      d. Maintenance;
      of part or all of ay property whether on or off the "residence premises".

i.  Plaintiffs materially breached their agreement with Meridian as set out in the Policy by failing to comply with all of its applicable provisions. As a result, Meridian was prejudiced as to its performance under the contract and is therefore released from further obligation under the insurance contract and owes Plaintiffs no contract damages. Alternatively, there is a failure of consideration on Plaintiffs' part due to Plaintiffs' failure to comply with the applicable provisions of the Policy.

j.  **Failure of Policy Considerations/Conditions Precedent.** Meridian asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." The Policy states:

> **SECTION I —CONDITIONS**
> **C. Duties After Loss**[2]
>  **1. Your Duties After Loss**
>  In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
>
>  a. Give prompt notice to us or our agent.
>     [. . .]
>  d. Protect the property from further damage. If repairs to the property are required, you must:
>     (1) Make reasonable repairs and necessary repairs to protect the property; and
>     (2) Keep an accurate record of repair expense;
>  e. Cooperate with us in the investigation of a claim;
>
>                   * * * *
>
> **H. Suit Against Us**[3]
>  1. Except as provided in Paragraph **2.**, no suit or action can be brought against us unless there has been full compliance with all of the terms under Section **I** of this Policy. Action must be brought against us within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

---

[2] As amended by Special Provisions – Texas Endorsement (FI0142 (02/17)
[3] As amended by Special Provisions – Texas Endorsement (FI0142 (02/17)

11

k.   Payment for Plaintiffs' claim under the Policy is subject to the following conditions:

**SECTION I – CONDITIONS**

[. . .]

**B. Deductible**
Unless otherwise noted in this policy, the following deductible provision applies:
With respect to any one loss:
  **1.** Subject to the applicable limit of liability, we will pay only that part of the total of all loss payable that exceeds the deductible amount shown in the Declarations.
  **2.** If two or more deductibles under this policy apply to the loss, only the highest deductible amount will apply.
[. . .]

**D.  Loss Settlement**[4]
In this Condition **D.**, the terms "cost to repair or replace" and "replacement cost" do not include the increased costs incurred to comply with the enforcement of any ordinance or law except to the extent that coverage for these increased costs is provided **E. 11.** Ordinance Or Law under Section I – Property Coverages.  Covered property losses are settled as follows:

  1. Property of the following types:
     a. Personal property other than jewelry;
     b. Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings;
     c. Structures that are not buildings, including their roof surfacing;

     [. . .]

     at actual cash value at the time of loss but not more than the amount required to repair or replace.

  [. . .]

**J.  Loss Payment.**[5]
We will adjust all losses with you.  We will pay you unless some other person is named in the Policy or is legally entitled to receive payment.

If we notify you that we will pay your claim, or part of your claim, we must pay within five "business days" after we notify you.  If payment of your claim or part of your claim requires the performance of an act by you, we must pay within five "business days" after the date you perform the act.

---

[4] As amended by Special Provisions – Texas Endorsement (F10142 (02/17)
[5] As amended by Special Provisions – Texas Endorsement (FI0142 (02/17)

>   [. . .]
>   L. **Mortgage Clause (Without Contribution)**[6]
>      1. We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the Declarations page as interests appear;

l. **Pre-Existing Damages.** Plaintiffs' claims are barred, in whole or in part, because some of the damages and losses alleged in Plaintiffs' Petition, none being admitted, pre-existed the alleged occurrence of freezing temperatures.

m. **Normal Wear and Tear and Maintenance.** Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

>   **SECTION I – PERILS INSURED AGAINST**
>   C. **Coverage A – Dwelling And Coverage B – Other Structures**
>      [. . .]
>      3. We insure against direct physical loss to property described in Coverages **A** and **B**.
>      4. We do not insure, however, for loss:
>         a. Excluded under Section I – Exclusions;
>         
>         [. . .]
>         
>         d. Caused by:
>         
>            [. . .]
>            
>            (6) Any of the following:
>            
>                (a) Wear and tear, marring, or deterioration;
>                (b) Mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself;
>                [. . .]
>                (f) Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;

n. ***Bona Fide*/Legitimate Dispute.** A *bona fide* and legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common

---

[6] As amended by Special Provisions – Texas Endorsement (FI0142 (02/17)

law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority. Insurers possess the right to value claims differently from their insureds without facing extra-contractual or "bad faith" liability. Meridian would show that a *bona fide* controversy existed regarding the limit of liability and/or the cause(s), scope and/or cost to repair the allegedly covered loss. Accordingly, Meridian's liability has not become "reasonably clear."

      o.      **No Waiver.** Plaintiffs' claims are barred, in whole or in part, because Meridian did not waive any of its rights under the Policy. The Policy states: "A waiver or change of a provision of this policy must be in writing by [Meridian] to be valid. Our request for an appraisal or examination will not waive any of our rights." Meridian made no such waiver in this case.

      p.      **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001, *et. seq.*, applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove Meridian's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Meridian's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

      q.      Meridian pleads the limitations on exemplary damages contained in the Texas Civil Practices and Remedies Code, Title 2, §41.001, *et. seq*. In addition, the Petition and any amendments thereto, to the extent it seeks recovery of exemplary damages, violates Article I, §13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates Meridian's right to substantive and procedural due process as provided in Article I, §19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Moreover, as a matter of state and federal constitutional law, and/or sound public policy, any

findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of evidence.

    r.    Plaintiffs cannot prevail on their extra-contractual claims unless and until Plaintiffs prove that Meridian has committed a material breach of the Policy.  Plaintiffs have not proved that Meridian has committed a material breach of the Policy.

    s.    Plaintiffs failed to comply with their duty to mitigate damages.

    t.    Plaintiffs failed to comply with all conditions precedent to their right to recover under the homeowners insurance policy in that Plaintiffs failed to prove that the alleged loss was a covered loss, or Plaintiffs failed to segregate the portion of the alleged loss which Plaintiffs claim was covered from the portion of the alleged loss which Plaintiffs do not assert was covered as required under the doctrine of concurrent causation.

    u.    Meridian pleads the limitations on Plaintiffs' possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiffs not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiffs be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  Meridian further pleads all other limitations on Plaintiffs' possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

    v.    Plaintiffs failed to submit all items, statements, and forms required to secure final proof of loss as that term is used in § 542.056 of the Texas Insurance Code.

    w.    Plaintiffs failed to provide Meridian with the written notice required by § 541.154 of the Texas Insurance Code and Section 17.505 of the Texas Business and Commerce Code.

    x.    Plaintiffs failed to present their claim to Meridian pursuant to §38.002 of the Texas Civil Practice & Remedies Code.

  y. Plaintiffs' own delays, actions, and omissions in prosecuting this action—which should not inure to Plaintiffs' financial benefit—have tolled the accrual of penalty interest under Texas Insurance Code Chapter 542. Additionally, under equitable principles, Plaintiffs have waived, forfeited, are estopped from asserting and have otherwise relinquished their entitlement to an 18% penalty under Texas Insurance Code Chapter 542 or any other delay- or time-based penalty or interest due to Plaintiffs' own discretionary delays and inaction in pursuing relief.

  z. Pursuant to §33.003 of the Texas Civil Practice & Remedies Code, as to Plaintiffs' claim for a breach of the duty of good faith and fair dealing, Meridian requests that the trier of fact determine the percentage of responsibility for Plaintiffs with respect to Plaintiffs causing or contributing to cause in any way the alleged harm for which recovery is sought.

  aa. Meridian reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of the loss.

  bb. For further answer, if needed, Meridian alleges that any prejudgment interest recoverable is limited in accordance with the terms of Texas Finance Code Annotated Sections 304.101 *et seq.*

  cc. For further answer, if needed, Meridian alleges that in the event Plaintiffs are found to be entitled to any damages in this matter, Plaintiffs are not entitled to recover prejudgment interest on any future damages.

  dd. For further answer, if needed, Meridian alleges that any prejudgment interest recoverable is limited pursuant to Section 304.003(c) of the Texas Finance Code.

  ee. For further answer, if needed, Meridian alleges that any prejudgment interest recoverable should be calculated on the "declining principle" formula and only after all applicable

credits and/or offsets are applied.[7]

WHEREFORE, PREMISES CONSIDERED, Defendant Meridian Security Insurance Company respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW STEPHENS SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:   (210) 227-2200
Facsimile:   (210) 227-4602
dstephens@lsslaw.com
acooke@lsslaw.com

By: /s/ Anne E. Cooke
David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*
Anne E. Cooke
State Bar No. 24088395

COUNSEL FOR DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing Defendant Meridian Security Insurance Company's First Amended Answer and Affirmative Defenses was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court on this **13th** day of **October, 2023**, addressed to those who do not receive notice from the Clerk of the Court.

---

[7] *See, e.g., Brainard*, 216 S.W.3d at 815-17; *State Farm Mut. Auto. Ins. Co. v. Norris*, 216 S.W.3d 819, 821-22 (Tex. 2006).

Perry J. Dominguez II
Naomi Lara
PERRY DOMINGUEZ LAW FIRM PLLC
2101 NW Military Highway
Castle Hills, Texas 78213
perry@dattorney.com
naomi@pdattorney.com

_____
David R. Stephens / Anne E. Cooke